CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED tor
ι2Kς
OCT 25 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **RONALD GRAHAM,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:05cv00633** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN TRACY RAY, et al.,** | ) | **By: Jackson L. Kiser** |
| **Defendants.** | ) | **Senior U.S. District Court Judge** |

This matter is before the court on plaintiff's complaint filed pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Upon review of court records, I find that this action must be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).[1]

By order entered April 29, 2002, in Civil Action No. 7:02cv00617, Graham v. Owens, plaintiff was advised he had "three strikes" within the meaning of 28 U.S.C. § 1915(g) and would no longer be able to file any civil action without prepayment of the required filing fee unless he demonstrates that he is under imminent danger of serious injury. Plaintiff has filed with his present complaint an in forma pauperis affidavit in an apparent attempt to circumvent the requirement that he prepay the $250.00 filing fee.

In his complaint, plaintiff alleges that correctional officers have made it difficult for his brother to "come and get" him, are interferring with his legal mail, are denying him access to the court, and are attempting to have him examined by a mental health professional. After having reviewed the complaint, I do not find that Graham states any claims from which it could be

---

[1]Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

concluded that he is presently at imminent risk of serious physical harm related to an ongoing violation of his constitutional rights.

Based on the foregoing, I am of the opinion that plaintiff has three "strikes" within the meaning of §1915(g) and that he has failed to demonstrate any imminent danger of serious physical harm sufficient to allow him to proceed in forma pauperis without prepayment of the $250.00 filing fee. Accordingly, plaintiff's complaint, motion to proceed in forma pauperis, and motion for a preliminary injunction on this action shall be denied pursuant to § 1915(g) and this action shall be dismissed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 25th day of October, 2005.

Senior U.S. District Court Judge